# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: T.H., A.H., and J.H.**

**No. 13-0951** (Raleigh County 11-JA-138 through 11-JA-140)

**FILED**

February 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father filed this appeal by his counsel, Timothy P. Lupardus. His appeal arises from the Circuit Court of Raleigh County, which terminated his parental rights to his children by order entered on August 15, 2013. The guardian ad litem for the children, Neil V. Boden, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Angela Alexander Walters, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred by admitting drug screen results into evidence; proceeding to termination when petitioner's improvement period had been extended; terminating his parental rights when he is not a physical or emotional threat to the children, can obtain employment, obtain a suitable residence, and refrain from drug use around the children; and terminating his parental rights where a reasonable, less drastic alternative was available for the children's placement.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2011, the DHHR filed a petition initiating the instant case. The petition alleged that the youngest child, T.H., tested positive for cocaine at birth and that petitioner disclosed to Child Protective Services ("CPS") that he used marijuana about three weeks earlier. At the adjudicatory hearing in September of 2011, petitioner stipulated to neglecting his children due to illegal drug use. The circuit court adjudicated the children as abused and neglected. The DHHR granted petitioner's motion for an improvement period and granted the DHHR's motion for petitioner to undergo frequent and random drug screens.

As the case proceeded, a review hearing in December of 2011 revealed that neither parent had been participating in their drug screens or going to outpatient drug treatment. The circuit court ordered the DHHR to schedule inpatient drug treatment for both parents.[1] The circuit court extended petitioner's improvement period in the summer of 2012 and again in December of 2012, which pushed its expiration to March of 2013. In the spring of 2013, the DHHR filed a

---

[1] During the course of the proceedings below, the children's mother voluntarily relinquished her parental rights.

1

motion to terminate petitioner's parental rights, asserting that petitioner tested positive for drugs in March, refused services, and failed to make improvements.

In August of 2013 at a dispositional hearing, evidence presented demonstrated that petitioner last participated in services in April and had not had a negative drug screen since February, which was also when he had his most recent visit with his children. A worker from the Day Report Center also testified that petitioner missed over forty drug screens. In its dispositional order, the circuit court found that petitioner failed to complete the terms of his improvement period and show that he would be able to complete rehabilitation within a reasonable time. Accordingly, the circuit court denied petitioner's motion for a dispositional improvement period and terminated his parental rights. From this order, petitioner now appeals.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

In his first assignment of error, petitioner argues that the circuit court erred by admitting drug screen results into evidence over his objection concerning their authenticity and foundation. Our review of the record indicates no error by the circuit court in admitting this evidence. Rule 803(6) of the West Virginia Rules of Evidence provides an exception to hearsay for those documents that are records of regularly conducted business activity, which include memoranda, reports, or data compilations. The dispositional hearing transcript provides that the evidence petitioner contests was part of the DHHR's July of 2013 court summary, which was signed and dated by the assigned DHHR worker. In light of these circumstances, the DHHR court summary satisfies Rule 803(6) of the West Virginia Rules of Evidence and was not improperly admitted.

Second, petitioner argues that the circuit court erred by proceeding to terminate his parental rights when his improvement period had been extended and no motion to terminate his improvement period had been filed. Our review of the record indicates no error by the circuit court in this regard. The record provides that on March 1, 2013, the circuit court held a review hearing on petitioner's improvement period, during which the circuit court was advised that petitioner's improvement period was scheduled to expire the next day, March 2. The circuit court

was also advised that although petitioner completed inpatient drug rehabilitation, he was having problems with the DHHR. The record reveals that such issues included petitioner's lack of contact with his CPS worker and his continuous use of drugs despite completing inpatient drug treatment. At the March 1, 2013, hearing, the DHHR moved to "continue on status quo," which the circuit court granted. The next hearing was scheduled for May 31. At no time did the circuit court further extend petitioner's improvement period beyond March 2. Accordingly, we find no error with the circuit court's procession to hearing evidence and arguments with regard to termination after finding that petitioner's improvement period had expired.

Third, petitioner argues that the circuit court erred by terminating his parental rights because he is not a physical or emotional threat to his children. Petitioner further asserts that he testified that he could obtain employment and suitable housing, and could refrain from drug use around the children. We find no error by the circuit court in this regard. Under West Virginia Code § 49-6-5(b)(3), circumstances that warrant finding no reasonable likelihood that conditions of abuse or neglect can be substantially corrected include circumstances in which the subject parent has not responded to, or followed through with, rehabilitative efforts designed to reduce or prevent abuse and neglect. Such circumstances warrant terminating parental rights under West Virginia Code § 49-6-5(a)(6). The record reflects that petitioner failed to participate in over forty required drug screens, failed to engage in services for several months before the dispositional hearing, and had not visited with his children for several months before the dispositional hearing. Moreover, the record reflects that, despite participating in inpatient rehabilitation, petitioner tested positive for THC, cocaine, and oxycodone just days after his improvement period expired.

Lastly, petitioner argues that the circuit court erred by terminating his parental rights where a reasonable, less drastic alternative was available for placement. Petitioner asserts that his grandmother passed a home study and was available for the children's placement through a guardianship. We find no error in the circuit court's decision to terminate petitioner's parental rights. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). We also bear in mind the following:

> Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va.Code, 49-6-5 (1977) may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va.Code, 49-6-5(b) (1977) that conditions of neglect or abuse can be substantially corrected.

Syl. Pt. 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980). From our review of the record, it is clear that the evidence was sufficient to support the circuit court's findings and conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 18, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II